IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH IVERSON** | : | CIVIL ACTION NO. 1:21-CV-1817 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

This is a tort case brought by a prisoner of the United States Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff, Elijah Iverson, who is incarcerated in the Lewisburg United States Penitentiary ("USP-Lewisburg"), alleges that the negligence of BOP employees caused him to be exposed to COVID-19. Defendant, the United States of America,[1] has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The motion will be granted, and the case will be dismissed without prejudice for lack of jurisdiction.

**I.    Factual Background & Procedural History**

Iverson initiated this case through the filing of a complaint on October 25, 2021. (Doc. 1). Iverson's claims arise from his previous incarceration in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), which began in

---

[1] The United States is the only proper defendant in an FTCA case. See, e.g., Priovolos v. FBI, 632 F. App'x 58, 60 (3d Cir. 2015) (citing CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

October 2016. (Id. at 6). According to the allegations in the complaint, FCI-Schuylkill employees failed to comply with safety guidelines issued by the Centers for Disease Control and Prevention ("CDC") to mitigate the spread of COVID-19. (Id.) FCI-Schuylkill officials were allegedly aware that Iverson's obesity, diabetes, and hypertension placed him at high risk of severe infection from COVID-19. (Id. at 6-7). The complaint alleges that FCI-Schuylkill officials' failure to take precautionary measures to prevent or stop the spread of COVID-19 caused Iverson to be exposed to the virus in March 2021 and September 2021. (Id. at 7). The complaint alleges that this failure amounts to negligence and negligent infliction of emotional distress. (Id. at 8-10). Iverson seeks $850,000 in damages. (Id. at 11).

We dismissed the complaint on January 6, 2022, for Iverson's failure to pay the requisite filing fee, (Doc. 10), but granted his motion for reconsideration on January 20, 2022, allowing him to pay the fee on or before February 10, 2022. (Doc. 12). Iverson timely paid the filing fee on January 27, 2022.

Defendant moved to dismiss the complaint on April 25, 2022. (Doc. 18). Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, dismissal for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). Briefing on the motion is complete and it is ripe for disposition. (Docs. 19-20, 22).

**II.   Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Such

jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (quoting CNA, 535 F.3d at 139). Courts may grant a Rule 12(b)(1) motion based on the legal insufficiency of a claim only when it appears with certainty that assertion of jurisdiction would be improper. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31

(3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

We will first address defendant's jurisdictional argument. The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." *In re* Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001). The statute operates as a limited waiver of the federal government's sovereign immunity. Rinaldi v. United States, 904 F.3d 257, 273 (3d Cir. 2018) [Rinaldi II]. Under the discretionary function exception, however, claims

4

that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused" are not cognizable as FTCA claims. Id. (alteration in original) (quoting 28 U.S.C. § 2680(a)). District courts lack subject matter jurisdiction to consider FTCA claims that are barred by the discretionary function exception. Mitchell v. United States, 225 F.3d 361, 366 (3d Cir. 2000).

We apply a two-prong test to determine whether the discretionary function exception applies. Rinaldi II, 904 F.3d at 273. At the first step, we must determine whether the challenged conduct involves an element of discretion. Id. If so, we must determine at the second step whether the discretion is "the kind that the discretionary function exception was designed to shield." Id. (quoting Mitchell, 225 F.3d at 363).

Both prongs of the discretionary function exception are satisfied in this case. The conduct at issue—prison officials' alleged failure to keep Iverson safe—is governed by 18 U.S.C. § 4042(a)(2). (See Doc. 1 at 8 (alleging that defendant owed Iverson a duty of care under Section 4042)). Several panels of our court of appeals have held in nonprecedential decisions that Section 4042 leaves the implementation

of the statute to the discretion of BOP officials.[2]  We agree with these panels' *ratio decidendi* and conclude that Section 4042(a)(2) involves an element of discretion. We also conclude that this discretion is of the type contemplated by the discretionary function exception, as decisions regarding prison safety and security are generally left to the discretion of prison officials and are shielded from FTCA liability.  See Rinaldi II, 904 F.3d at 273-74.

Thus, we conclude that we lack subject matter jurisdiction to decide Iverson's FTCA claims under the discretionary function exception.  Having reached this conclusion, we will dismiss the case and will not consider defendant's alternative argument that the complaint fails to state a claim upon which relief may be granted.

**IV.   Conclusion**

We will grant the motion (Doc. 18) to dismiss and dismiss this case without prejudice for lack of subject matter jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    November 21, 2022

---

[2] See Brooks v. Bledsoe, 682 F. App'x 164, 167 (3d Cir. 2017); Ruiz v. United States, 664 F. App'x 130, 133 (3d Cir. 2016); Sargent v. United States, 620 F. App'x 69, 71 (3d Cir. 2015); Hernandez v. United States, 608 F. App'x 105, 110 (3d Cir. 2015); Thrower v. United States, 528 F. App'x 108, 111 (3d Cir. 2013); Rinaldi v. United States, 460 F. App'x 80, 81 (3d Cir. 2012) [Rinaldi I]; Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008).  The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.